**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT GOMEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-03151-CV-S-RK |
| ) | |
| LINDA SANDERS, ) | |
| ) | |
| Repondent. ) | |

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Petitioner, Robert Gomez, an inmate currently confined at the United States Medical Center for Federal Prisoners ("USMCFP"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b) and Local Rule 72.1. Petitioner contends that he is unlawfully confined at the USMCFP; that the USMCFP is not a "suitable facility" within the meaning of 18 U.S.C. § 4243; and that he has been denied the right to counsel. (*See* Docs. 1, 1-1.) He seeks immediate release from custody. (*See* Docs. 1, 1-1.) Respondent filed a response, (Doc. 7), contending that Petitioner: (1) is lawfully confined at the USMCFP pursuant to a commitment order authorized by 18 U.S.C. § 4243; (2) this Court lacks jurisdiction to provide the relief Petitioner seeks; and (3) a § 2241 habeas petition is not the appropriate mechanism to pursue the relief Petitioner requests. After a review of the record, it is **RECOMMENDED** that the Petition, (Doc. 1), be **TRANSFERRED** to the United States District Court for the Eastern District of California. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. 2), is **GRANTED**.

   I.   **Findings of Fact**

On April 26, 2007, Petitioner was indicted in the United States District Court for the Eastern District of California on one count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a Ranger in the performance of his official duties at Yosemite National Park, in violation of 18 U.S.C. §§ 7(3) and 111(a)(1), and one count of assault, in violation of 18 U.S.C. § 113(a)(4). (Doc. 7-1.) On August 9, 2007, Petitioner was found not guilty only by reason of insanity the time of the charged offense. (*Id.*) On August 10, 2007, the District Court for the Eastern District of California found that the release of Petitioner would create a substantial risk of bodily injury to another person or serious damage of property to another due to his present mental disease, and ordered him to be civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. (*Id.*) Pursuant to § 4243(e), the District Court for the Eastern District of California ordered the Attorney General to hospitalize Petitioner in for treatment in a suitable facility until the state of California assumed such responsibility or until Petitioner's mental condition was such that his release, or conditional release, would not create a substantial risk of bodily injury to another person or serious damage to the property of another. (*Id.*)

Petitioner was then admitted to the Federal Medical Center located in Rochester, Minnesota on November 7, 2007 for mental health treatment in accordance with the commitment order from the District Court for the Eastern District of California. (*Id.*) On March 4, 2009, Petitioner was transferred to the USMCFP in Springfield, Missouri for continued mental health treatment. (*Id.*) Currently, Petitioner is still confined at the USMCFP. *See* Inmate Locator for BOP Register No. 63396-097 or Robert Flores Gomez, Federal Bureau of Prisons,

2

www.bop.gov/inmateloc (showing that Petitioner is currently confined at the USMCFP in Springfield, Missouri).[1]

After holding a hearing pursuant to 18 U.S.C. § 4243, the District Court for the Eastern District of California entered an order finding that Petitioner's release created a substantial risk of bodily injury to another person or serious damage of property of another due to his present mental illness on March 9, 2010. (Doc. 7-1.) Therefore, the District Court for the Eastern District of California ordered Petitioner's continued commitment to the custody of the Attorney General until further order from that court. (*Id.*) After that date, the District Court for the Eastern District of California held a hearing approximately every six months to review Petitioner's commitment and each time found that his continued commitment was necessary to prevent the risk of bodily injury to another person or serious damage to the property of another as a result of his mental disease or defect. (*Id.*); *see also United States v. Gomez*, No. 1:07-CR-00094-AWI-1 at Docs. 32, 40, 45, 52, 53, 56, 64, 67, 69 (E.D. Ca.).

On July 20, 2015, the District Court for the Eastern District of California held another hearing regarding Petitioner's commitment during which defense counsel received a letter containing a risk assessment panel report from mental health professionals at the USMCFP dated May 20, 2015. *Gomez*, No. 1:07-CR-00094-AWI-1 at Doc. 70 (E.D. Ca. July 20, 2015). The panel found that Defendant was suitable for conditional release.[2] *Id.* The District Court for the

---

[1] A court may take judicial notice of an inmate identification or registration number and cite to an inmate locator website to confirm the identification or status of a prisoner. *See Solliday v. Director of Bureau of Prisons*, Civil No. 11-CV-2250 (MJD/JJG), 2014 WL 6388568, at *2 n. 2 (D. Minn. Nov. 14, 2014) (citing *Wolfe v. Zappala*, No. 2:09CV315, 2009 WL 1160932, at *1 n. 1 (W.D. Pa. Apr. 28, 2009) (citing Pennsylvania Department of Corrections ("DOC") Inmate Locator Website, taking judicial notice of the DOC Inmate Identification Number of the plaintiff, and stating "[t]he court knows from general experience with prison litigation that such inmate identification numbers are unique to a given prisoner, in other words, no two prisoners would have the same DOC inmate number.").

[2] Prior to the report dated May 20, 2015, the most recent risk assessment panel report was dated June 25, 2014. (Doc. 7-1.) That report concluded that Petitioner suffered from a mental disease or defect, most likely schizophrenia, and that his release from confinement would present a substantial risk of danger to others or the property of others. (*Id.*) Therefore, the panel recommended that Petitioner remain at the USMCFP for continued

Eastern District of California directed counsel to advise the court if an appropriate facility was found to release Petitioner.  *Id.*  The court then continued the hearing regarding Petitioner's commitment to a later date.  *Id.*

On January 11, 2016, the District Court for the Eastern District of California held a hearing regarding Petitioner's commitment.  *Id.* at Doc. 72.  The court noted that the probation office was currently working on placement for Petitioner for conditional release, and set another hearing for May 9, 2016.  *Id.*

## II.     Conclusions of Law

"If a person is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release[.]" 18 U.S.C. § 4243(a).  Specifically, courts are directed to commit to the custody of the Attorney General a person who creates a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect.  18 U.S.C. § 4243(e); *see also Archuleta v. Hendrick*, 365 F.3d 644, 648 (8th Cir. 2004).  In accordance with 18 U.S.C. § 4243(e), a person civilly committed to the custody of the Attorney General under this statute shall be hospitalized for treatment in a suitable facility.  Such a person can only be released, with or without conditions, by certification of the director of the facility in which he is hospitalized, or by the findings of a hearing held pursuant to 18 U.S.C. § 4247(d) that release is appropriate.  *See* 18 U.S.C. §4243(f).  The constitutionality of this statute has been consistently upheld by the courts.  *See Archuleta*, 365 F.3d at 648 ("The statutory procedure and substantive

---

mental health treatment.  (*Id.*)  In support of its conclusion, the panel cited to Petitioner's history of aggressive behavior and poor compliance with treatment, which made community placement difficult.  (*Id.*)  According to that report, Petitioner remained on a locked unit at that time due to polydipsia and the need to control his water intake.  (*Id.*)

standard [of 18 U.S.C. § 4243] are clearly constitutional. *See, e.g.*, *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987).").

While a person wishing to challenge his civil commitment pursuant to § 4243 may plead a cognizable claim under 28 U.S.C. § 2241, "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648. Further, 18 U.S.C. § 4247(h) expressly provides the remedy for discharge from a civil commitment ordered pursuant to that statute. *See Archuleta*, 365 F.3d at 648-49 ("Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to the provisions of . . . [§ 4243(f)], counsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility[.]") (quoting 18 U.S.C. § 4247(h)). Only the court that issued the order of commitment may grant a person statutory relief under § 4247(h), but it also has discretion to take jurisdiction over a pro se habeas petition filed in different district under either 18 U.S.C. § 4247(g), 18 U.S.C. § 4247(h), or both. *Id.* (citing 18 U.S.C. § 4247(h)). "In these circumstances, a transfer of the petition under 28 U.S.C. § 1406(a) [to the court with jurisdiction] is both permissible and appropriate." *Archuleta*, 365 F.3d at 649.

Here, after being found not guilty only by reason of insanity, the United States District Court for the Eastern District of California civilly committed Petitioner to the custody of the Attorney General for treatment in a suitable facility pursuant to § 4243. Statute defines a suitable facility as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2). At the court's

direction, Petitioner was committed to such a suitable facility, the USMCFP.[3]  *See Phelps v. U.S. Bureau of Prisons*, 62 F.3d 1020, 1023 (8th Cir. 1995) (concluding that the USMCFP is a suitable facility for a person civilly committed pursuant to § 4243).  The court was constitutionally permitted to order this action under the statute.  *See Archuleta*, 365 F.3d at 648.

While Petitioner may challenge this civil commitment, a § 2241 habeas petition filed in this district where he is currently confined is not the appropriate route in this case.  Rather, the most appropriate route for Petitioner to challenge his confinement would be through a motion pursuant to 18 U.S.C. § 4247(h) filed in the court that ordered his commitment, the District Court for the Eastern District of California.  *See Archuleta*, 365 F.3d at 648-49.  The District Court for the Eastern District of California has discretion to take jurisdiction over Petitioner's pro se habeas petition under either 18 U.S.C. § 4247(g), 18 U.S.C. § 4247(h), or both, and is therefore the proper court to adjudicate Petitioner's challenge to his confinement. *Id.* (citing 18 U.S.C. § 4247(h)).  Given these circumstances, the Court recommends transferring Petitioner's Petition to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a) because it is best suited to address Petitioner's challenge.  *Id.* at 649.

---

[3] As noted, Petitioner was initially confined at the Federal Medical Center located in Rochester, Minnesota.  Though that facility is not at issue in the Petition, it is also considered a suitable facility for the treatment of a mental disease or defect.  *See United States v. Epps*, 95 F. App'x 202 (8th Cir. 2004) (noting that the defendant suffered from a mental illness requiring treatment in a suitable facility, such as the Federal Medical Center in Rochester, Minnesota).

### III. Conclusion and Recommendation

Therefore, Petitioner's Motion to Proceed in Forma Pauperis, (Doc. 2), is **GRANTED**. Further, based on the foregoing, it is hereby **RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be **TRANSFERRED** to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 31, 2016