# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FLORES GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>LINDA M. SANDERS,<br><br>Respondent. | Case No. 1:16-cv-00662-EPG-HC<br><br>ORDER DIRECTING PETITIONER TO FILE WRITTEN SUBMISSION |

Petitioner Robert Flores Gomez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 30, 2015, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Western District of Missouri. (ECF No. 1). The matter was then transferred to this district on May 11, 2016. (ECF No. 10). In the instant petition, Petitioner contends that he is unlawfully confined at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri, and he seeks immediate release.

On April 26, 2007, Petitioner was indicted in the United States District Court for the Eastern District of California on one count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a Ranger in the performance of his official duties at Yosemite National Park, in violation of 18 U.S.C. §§ 7(3), 111(a)(1), and one count of assault, in violation of 18 U.S.C. § 113(a)(4). Indictment, United States v. Gomez, No. 1:07-cr-00094-AWI (E.D.

1 Cal. Apr. 26, 2007), ECF No. 6.[1] On August 8, 2007, Petitioner was found not guilty by reason
2 of insanity. Minutes, Gomez, No. 1:07-cr-00094-AWI (E.D. Cal. Aug. 9, 2007), ECF No. 17. On
3 August 10, 2007, the Court committed Petitioner to the custody of the Attorney General pursuant
4 to 18 U.S.C. § 4243 after finding Petitioner would create a substantial risk of bodily injury to
5 another person or serious damage of property of another due to Petitioner's present mental
6 disease or defect. Order Regarding Commitment, Gomez, No. 1:07-cr-00094-AWI (E.D. Cal.
7 Aug. 10, 2007), ECF No. 23. After a hearing, the Court ordered Petitioner's continuing
8 commitment to the custody of the Attorney General pursuant to 18 U.S.C. § 4243 on March 9,
9 2010. Order Regarding Continuing Commitment, Gomez, No. 1:07-cr-00094-AWI (E.D. Cal.
10 Mar. 9, 2010), ECF No. 30. Thereafter, the Court held hearings approximately every six months
11 to review Petitioner's commitment status and found that continuing commitment was appropriate
12 pursuant to § 4243. Id., ECF Nos. 32, 40, 45, 52, 53, 56, 64, 67, 69.

13       On July 20, 2015, the Court held a status conference wherein defense counsel presented a
14 risk assessment report that found Petitioner suitable for conditional release. The Court directed
15 that it be informed if an appropriate facility is found to release Petitioner. Minutes, Gomez, No.
16 1:07-cr-00094-AWI (E.D. Cal. July 20, 2015), ECF No. 70. On January 11, 2016, the Court held
17 a hearing and was informed that the probation office was working on finding a placement for
18 Petitioner. Minutes, Gomez, No. 1:07-cr-00094-AWI (E.D. Cal. Jan. 12, 2015), ECF No. 72. On
19 May 9, 2016, the Court held a hearing and was informed that Petitioner was denied admission to
20 a program and that the probation office was looking into a new program. Defense counsel
21 requested a continuance to September 12, 2016, which was granted. Minutes, Gomez, No. 1:07-
22 cr-00094-AWI (E.D. Cal. May 9, 2016), ECF No. 73.

23       Petitioner filed the instant petition challenging his confinement at USMCFP on March
24 30, 2015. Thereafter, on July 20, 2015, the Court found Petitioner suitable for conditional
25 release, and the probation office has been looking for an appropriate placement for Petitioner. In
26 light of the subsequent developments in the case, Petitioner is HEREBY ORDERED to file a
27
28 [1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

written submission stating whether he still wishes to proceed with the instant petition for writ of habeas corpus within **THIRTY (30) days** of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **May 17, 2016**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE