# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FLORES GOMEZ,<br><br>    Petitioner,<br><br>v.<br><br>LINDA M. SANDERS,<br><br>    Respondent. | Case No. 1:16-cv-00662-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 28) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his commitment to hospitalization under 18 U.S.C. § 4243, and seeks immediate release. In light of Petitioner's conditional release to a group home, the undersigned recommends that the petition be dismissed as moot.

**I.**

**BACKGROUND**

On April 26, 2007, Petitioner was indicted in the United States District Court for the Eastern District of California on one count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a Ranger in the performance of his official duties at Yosemite National Park, in violation of 18 U.S.C. §§ 7(3), 111(a)(1), and one count of assault, in violation of 18 U.S.C. § 113(a)(4). Indictment, United States v. Gomez, No. 1:07-cr-00094-DAD (E.D.

Cal. Apr. 26, 2007), ECF No. 6.[1] On August 8, 2007, Petitioner was found not guilty by reason of insanity. Id., ECF No. 17. On August 10, 2007, the Court committed Petitioner to the custody of the Attorney General pursuant to 18 U.S.C. § 4243 after finding Petitioner would create a substantial risk of bodily injury to another person or serious damage of property of another due to Petitioner's present mental disease or defect. Id., ECF No. 23. After a hearing on March 1, 2010, the Court ordered Petitioner's continuing commitment to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. Id., ECF Nos. 29, 30. Thereafter, the Court held hearings approximately every six months to review Petitioner's commitment status and found that continuing commitment was appropriate pursuant to § 4243. Id., ECF Nos. 32, 40, 45, 52, 53, 56, 64, 67, 69.

On March 30, 2015, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Western District of Missouri. (ECF No. 1). The matter was then transferred to this district on May 11, 2016. (ECF No. 10). In the petition, Petitioner contends that he is unlawfully confined at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri, and he seeks immediate release.

Meanwhile, on July 20, 2015, the Court found Petitioner suitable for conditional release. Minutes, Gomez, No. 1:07-cr-00094-DAD, ECF No. 70. The United States Probation Office worked to find a suitable placement for Petitioner, and on April 20, 2017, the District Judge authorized Petitioner's conditional release. Id., ECF No. 80. Thereafter, on May 10, 2017, Petitioner was released to K&R Manor Group Home.[2] Id., ECF No. 82.

On June 23, 2017, Respondent filed the instant motion to dismiss the petition as moot. (ECF No. 28). Petitioner has not filed an opposition.

///

///

///

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court notes that Petitioner subsequently left the group home without permission and was arrested. Petitioner is currently detained in Fresno County Jail, and the government, defense counsel, and the U.S. Probation Office are working to find a suitable placement for release. (ECF No. 28 at 1 n.1).

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requests immediate release from commitment, which had been authorized pursuant to 18 U.S.C. § 4243. On April 20, 2017, the District Judge authorized Petitioner's conditional release to a group home, and Petitioner was released to K&R Manor Group Home on May 10, 2017. Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 28) be GRANTED and the petition for writ of habeas corpus be DISMISSED as MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 1, 2017**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

4